IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

DORIS RICKARD and
HENRY T. RICKARD,

    PLAINTIFFS,

vs.                          CASE NO. CV 01-J-3365-NW

WALMART STORES, INC.,

    DEFENDANT.

**ENTERED**
JAN 1 5 2002

### MEMORANDUM OPINION

This case is before the court on the defendant's notice of removal (doc. 1) and the plaintiffs' motion to remand (doc. 4). The court having considered the pending motion, and finding that oral argument and an evidentiary hearing will not substantially assist the court, it is hereby **ORDERED** by the court that this case is **REMOVED** from the court's motion docket of January 17, 2002.[1]

The plaintiffs filed suit in Colbert County, Alabama alleging plaintiff Doris Rickard was injured when items fell on her in the defendant's store. Complaint at ¶ 1. The plaintiffs bring suit for the state law claims of negligence, negligently or wantonly allowing an unsafe condition to exist, and loss of consortium. The defendant removed the case based on diversity jurisdiction, 28 U.S.C. § 1332. The defendant alleges that the amount in controversy exceeds $75,000.000, exclusive of interest and costs. Notice of Removal at ¶

---

[1] *See* doc. 5: "Agreement to Waive Oral Argument Regarding Motion for Remand and Evidentiary Hearing."



4. The defendant reaches this conclusion by asserting that the "plaintiffs seek both compensatory and punitive damages." *Id.*

The plaintiffs' motion to remand states that the plaintiffs seeks only compensatory damages, and that Doris Rickard's medical bills to date from this injury are $8,539.51. Motion for remand at ¶ 8. The defendant asserts that Doris Rickard's claim for compensatory damages and that Henry Rickard's claim for loss of consortium would be more than $75,000.00.[2]

The Eleventh Circuit has stated: "[w]here, as here the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buys*, 269 F.3d 1316, 1319 (11th Cir. 2001), citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996), *overruled on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). A "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden. *Williams*, 269 F.3d at 1319-20.

This court may consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal. *Williams,* 269 F.3d at 1319;

---

[2]The defendant claims that plaintiff's medical bills total $20,840.36. Notice of Removal at ¶ 4. The difference results from hospital bills that plaintiffs' counsel represented to the defendant in August, 2001, were part of the plaintiff's claim, but after consultation with her clients, now asserts were not. Regardless of whether these hospital bills are included, the plaintiffs claims do not substantiate a likelihood that a jury could return a verdict of $75,000.00 or more.

2

citing *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Thus, the court has considered the plaintiffs' representations in their motion to remand (doc. 4), that the plaintiff Doris Rickard's medical bills, to date, total $8,539.51.

Here, the defendant represents that the plaintiffs have included a claim for punitive damages. Upon review of the plaintiffs' complaint, no such demand is present. *See also* Motion to Remand at ¶ B. The defendant also failed to plead any fact in its notice of removal which could rationally support a compensatory claim for $8,539.51 or even $20,840.36 becoming a jury verdict of $75,000.00. *See Williams, supra, see also Burns v. Windsor,* 31 F.3d 1092, 1097 (11th Cir.1994).

The court having considered the foregoing and finding no basis for jurisdiction under 28 U.S.C. § 1332;

It is **ORDERED** by the court that the plaintiff's complaint be and hereby is **REMANDED** to the Circuit Court of Colbert County, Alabama.

**DONE** this the ___15___ day of January, 2002.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

3